Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED SHAH; NIKITA MCINTIRE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> OX CAR CARE, INC.; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br><br> **DEMAND FOR JURY TRIAL** |

1.     Plaintiffs SYED SHAH and NIKITA MCINTIRE ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant OX CAR CARE, INC. (hereinafter "Defendant"), in negligently contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own

acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

2.     The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

///

///

5.     As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.     The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### Jurisdiction and Venue

7.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, individual residing in the states of New Jersey and Georgia, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, a company located in California and incorporated in Delaware and doing business within and throughout California and the United States.  Plaintiff also seeks $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8.     Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendants do business within the State of California within the County of Orange.

///

## **PARTIES**

9.     Plaintiff SYED SHAH is an individual living in Atlantic County, New Jersey, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

10.    Plaintiff NIKITA MCINTIRE is an individual living in DeKalb County, Georgia, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

11.    Defendant OX CAR CARE, INC. is nationwide vehicle service contract administrator providing vehicle owners with protection plans to offset the cost of car maintenance and repair, located in the state of California and incorporated in the state of Delaware, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

12.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

13.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### Factual Allegations

14.    On or about June 2020, Plaintiff Syed Shah received a series of unsolicited calls and text messages from Defendants on his cellular telephone number ending in -0096 in an attempt to solicit Plaintiff to purchase Defendants'

services.

15.    During this time, Defendants began to use Plaintiff Syed Shah's cellular telephone for the purpose of sending Plaintiff solicitation offers via and text messages, including text messages sent to and received by Plaintiff from Defendant on multiple occasions including, but not limited to, June 24, 2020, July 8, 2020, and July 14, 2020.

16.    On June 24, 2020, Plaintiff Syed Shah received a text message from Defendant that read:

Hi Syed, Im Joel, our system show the vehicles coverage is expiring soon. Kindly go to https:// oxcarcare.shortcm.li/WWmHnB for info
TEXT NOTHANKS to no longer receive

(833) 421-0416 • Jun 24, 10:47 AM

17.    Plaintiff Syed Shah received other text messages similar to this one from Defendant.

18.    In furtherance of their attempts to solicit Plaintiff, on July 22, 2020 Defendants called Plaintiff on his cellular telephone.

19.    On or about October 2020, Plaintiff Nikita McIntire received an unsolicited text messages from Defendants on her cellular telephone number ending in -2049 in an attempt to solicit Plaintiff to purchase Defendants' services.

20.    Defendants' text message directed Plaintiff McIntire to call another number which she did.  When the call connected, she heard a click and was transferred to a live person.  After several transfers, Plaintiff was connected with an Ox Car Care manager.

21.    The calls and text messages placed to Plaintiffs' cellular telephone

were placed via Defendants' *SMS Blasting Platform*, i.e., an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

22.     The telephone numbers that Defendants, or their agent, contacted are assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

23.     These telephone calls and text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

24.     Plaintiffs never provided their cellular telephone numbers to Defendants for purposes of solicitation. Accordingly, Defendants and their agent never received Plaintiff's prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

25.     These telephone calls by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ALLEGATIONS

26.     Plaintiffs brings this action on behalf of themselves and on behalf of and all others similarly situated ("the Class").

27.     Plaintiffs represent, and are members of, the Class, defined as follows:

> All persons within the United States who received any unsolicited calls or text messages from Defendants which were not made for emergency proposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint

28.     Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29.    Plaintiffs and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members.  Plaintiffs and the Class members were damaged thereby.

30.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agent's records.

32.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendants or their agents called and/or sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

---

CLASS ACTION COMPLAINT

b.    Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

c.    Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

33.    As a person that received at least one marketing call and text message without Plaintiffs, prior express consent, Plaintiffs are asserting claims that are typical of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

34.    Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

35.    Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37.    Defendants has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

38.    Plaintiffs repeat and incorporates by reference into this cause of action the allegations set forth above.

39.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

40.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

41.    Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

42.    Plaintiffs repeat and incorporates by reference into this cause of action the allegations set forth above.

43.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

44.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

45.     Plaintiffs   and   the   Class   members   are   also   entitled   to   and   seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendants for the following:

    a.  That this action be certified as a class action on behalf of The Classes and Plaintiffs be appointed as the representative of The Classes;

    b.  As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*;

    c.  As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to  and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*;

    d.  For actual damages according to proof;

    e.  For reasonable attorneys' fees and costs of suit;

    f.  For prejudgment interest at the legal rate; and,

    g.  Any and all other relief that the Court deems just and proper.

///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT

1

## **JURY DEMAND**

2      46.    Pursuant to the Seventh Amendment to the Constitution of the United

3  States of America, Plaintiffs are entitled to, and demands, a trial by jury.

4

    Respectfully submitted this 25th day of November, 2020.

5

6

                                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

7

8                               By:    /s/ Todd M. Friedman
                                       Todd M. Friedman
9                                      Law Offices of Todd M. Friedman
10                                     Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28